United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50576
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER FLORES-PIZANA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 2:05-CR-660-ALL
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Javier Flores-Pizana appeals his conviction of and sentence for unlawful reentry in violation of 8 U.S.C. § 1326. Flores-Pizana first challenges the district court's imposition of a 16-level "crime of violence" enhancement imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), which was based on his conviction of assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under TEX. PENAL CODE ANN. § 22.01(a)(1).  We review the district court's interpretation and application of the sentencing guidelines de novo.  United States v. Fierro-Reyna, 466 F.3d 324, 326 (5th Cir. 2006).

In light of United States v. Villegas-Hernandez, 468 F.3d 874, 880-82 (5th Cir. 2006), cert. denied, 127 S. Ct. 1351 (2007), which was issued after sentencing in this case, the imposition of the enhancement was erroneous.  Further, because the government has not shown or even argued that the error did not affect the district court's selection of the sentence imposed, the error was not harmless.  See United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007); see also United States v. Lopez-Urbina, 434 F.3d 750, 765 (5th Cir. 2005).  We reject the government's argument that we should follow United States v. Shelton, 325 F.3d 553, 558-61 (5th Cir. 2003), rather than Villegas-Hernandez.

Flores-Pizana also contends that § 1326(b)'s treatment of felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Flores-Pizana contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See

Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Flores-Pizana properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM the conviction, VACATE the sentence, and REMAND for resentencing.